IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

KENNETH W. CLARK,

                          Plaintiff,                                    **8:24CV392**

             vs.

F. MATTHEW AERNI, CLARISSA SHADA,          **MEMORANDUM AND ORDER**
TERRY DALE LOMACK, and DAN NOLTE,

                          Defendants.

This matter is before the Court on Plaintiff Kenneth W. Clark's ("Clark") Complaint, Filing No. 1, an unsigned Motion for Leave to Proceed in Forma Pauperis ("IFP"), Filing No. 2, and a second, signed IFP Motion, Filing No. 10. Also before the Court are four additional motions filed by Clark. Filing No. 3; Filing No. 8; Filing No. 9; Filing No. 17. For the reasons that follow, the Court grants Clark leave to proceed IFP and, upon review of Clark's claims under 28 U.S.C. §§ 1915(e) and 1915A, finds that summary dismissal of the Complaint is appropriate.

### I. IFP MOTIONS

Clark filed his unsigned IFP Motion (the "First IFP Motion") on October 3, 2024. Filing No. 2. On October 7, 2024, the Clerk of Court advised Clark that his IFP Motion was unsigned and therefore deficient. The Clerk of Court directed Clark to "correct the deficiency" (i.e., file a signed IFP Motion) within 14 days, or the pleading "may be stricken from the record of this case." Filing No. 6 (text notice of deficiency). On October 16, 2024, Clark filed his second, signed IFP Motion (the "Second IFP Motion"). In light of the filing of the signed Second IFP Motion, the Court will deny the First IFP Motion as moot and direct the Clerk of Court to strike the motion from the Court's records as it is unsigned.

In his Second IFP Motion, Clark indicates he is "incarcerated," Filing No. 10 at 1, though he also indicated in his Complaint that he was a "civilly committed detainee," Filing No. 1 at 4. The precise nature of Clark's confinement matters because "[a] person involuntarily committed as a mental patient, and not as a result of a criminal conviction, is not a 'prisoner' for the purposes of the [Prison Litigation Reform Act ("PLRA")]." *Herzog v. Scanlan*, No. 8:09CV149, 2009 WL 1451683, at *1 (D. Neb. May 21, 2009) (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir.2001)). The PLRA applies to "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." 28 U.S.C. § 1915(h).

Here, Clark is currently confined in the Lincoln Regional Center ("LRC"). Documents submitted by Clark to this Court and an examination of his state court records show that Clark is currently facing criminal charges in Lancaster County Court Case No. CR23-13698 (the "Criminal Case") and was committed to the LRC for restoration of competency.[1] *See* Filing No. 10 at 3; Filing No. 15. As such, Clark is a person detained and "accused of . . . violations of criminal law" and, therefore, subject to the PLRA. *See, e.g.*, *Almond v. Sabenson*, No. 21-CV-640-WMC, 2021 WL 5811230, at *2 (W.D. Wis. Dec. 7, 2021) (plaintiff confined to mental health institute for restoration of competency in connection with a pending state criminal case is a prisoner under the PLRA) (citing *Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004) ("a person charged with a felony,

---

[1] This Court has been afforded access to the computerized record keeping system for the Nebraska state courts. The Court takes judicial notice of the state court records related to this case in *State v. Kenneth W. Clark*, Case No. CR23-13698, County Court of Lancaster County, Nebraska. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (court may take judicial notice of judicial opinions and public records). Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

whose criminal proceedings are held in abeyance during treatment for mental illness," is a "prisoner" within the meaning of the PLRA)).

The PLRA requires prisoner plaintiffs to pay the full amount of the Court's $350.00 filing fee by making monthly payments to the Court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001). Pursuant to 28 U.S.C. § 1915(b)(1), Clark must pay an initial partial filing fee in the amount of 20 percent of the greater of Clark's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Though Clark has not provided the Court with a trust account statement, to facilitate a more expeditious resolution of this case, the Court will presume that Clark's statement in his Second IFP Motion that he has an account balance of $0.00 is correct and grant his Second IFP Motion.

Because Clark's account balance is $0.00, the Court cannot assess an initial partial filing fee. However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson,* 173 F. Supp. 2d at 957 n. 9. Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the

initial partial filing fee as set forth below, and the Court now conducts an initial review of Clark's Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

## II.  SUMMARY OF COMPLAINT[2]

Clark brings this action pursuant to 42 U.S.C. § 1983 alleging violations of "due process protection of law and property," fraud, and "false imprisonment" at the LRC against F. Matthew Aerni ("Aerni"), the attorney representing him in the Criminal Case; Lancaster County Attorney Clarissa Shada ("Shada"); Clark's uncle, Terry Dale Lomack ("Lomack"); and Dan Nolte ("Nolte"), the Lancaster County Assessor/Register of Deeds.[3] Filing No. 1 at 2–3, 5; Filing No. 15.

Clark's Complaint, submitted on a pro se form Complaint for Violation of Civil Rights (Prisoner), is unintelligible, consisting mainly of nonsensical strings of legal terms and citations to Nebraska statutory provisions.  For the "facts" underlying Clark's claims, Clark alleges only "A. and B. Violat [sic]."  Filing No. 1 at 5.  In the section of the Complaint labeled "Basis for Jurisdiction," Clark writes:

> Federal wrongful claim 30-810 probate fraud of a military statute 79-965 and contemp 28-928 to federal court order CI23-1874 contemp 25-2121 PR21-865 of fraud. Forever barred 25-218 25-202[.]
> . . . .
> Property was theft and trespass on of statute limitation[.]
> . . . .
> Estate interest party 30-2722 PR21-865 30-2457 perjury of oak statute section 28-915.  State law and constitution B to D remove judge 24-722 if violat law of statute[.]

---

[2] For purposes of this initial review, the Court will consider Clark's supplemental filings, Filing No. 7; Filing No. 11; Filing No. 12; Filing No. 13; Filing No. 14; Filing No. 15; Filing No. 16, as part of the Complaint.

[3]  See  https://www.lancaster.ne.gov/153/AssessorRegister-of-Deeds  (identifying  Nolte  as  the Assessor/Register of Deeds) (last visited Nov. 19, 2024).

*Id*. at 3–4 (spelling as in original; capitalization altered). Clark attached to his Complaint a copy of a September 8, 2023, order in case no. CI23-1874, in which the Lancaster County District Court quieted title to certain real property in favor of the plaintiff, Estate of Willie Lomack, Jr., by and through the personal representative, Lisa Lomack, and denied and forever barred Clark's adverse claim to the property. *Id*. at 13–14.

As relief, Clark requests "[t]ime and jail for aiding [and] abating [sic] wrongful claim 30-810," $1,000,000.00 in damages for "[p]robate fraud," and for the Court "to serve defendant." *Id*. at 5.

## III. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). "The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis

5

or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)).  "A pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Id.* at 849 (internal quotation marks and citations omitted).  However, even pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## IV.  DISCUSSION

Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).  A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).  While complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must comply with the Federal Rules of Civil Procedure.  Here, Clark's Complaint fails to meet this minimal pleading standard.

Even when liberally construed, Clark's Complaint offers nothing more than a mere string citation to various statutory provisions with no discernible relevance to the parties involved or any factual allegations indicating how such provisions may have been violated or why Clark may be entitled to relief under such provisions.  Clark's conclusory allegations regarding fraud, theft, a "wrongful claim," and false imprisonment also fail to

6

satisfy federal pleading standards to state a claim for relief.  "Although pro se pleadings are to be construed liberally, pro se litigants are not excused from failing to comply with substantive and procedural law."  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). Additionally, "[t]hough pro se complaints are to be construed liberally, they still must allege sufficient facts to support the claims advanced."  *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (internal citations omitted); *see also Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) ("[W]e will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded"); *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981) ("[P]ro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law.").  In assessing whether a complaint contains sufficient facts, the Court may disregard legal conclusions that are stated as factual allegations.  *See Iqbal*, 556 U.S. at 678.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quoting Fed. R. Civ. P. 8(a)(2); citation omitted)).  Clark's Complaint falls far short of these pleading standards.

Moreover, to the extent Clark alleges federal constitutional claims under 42 U.S.C. § 1983, his Complaint fails to state a claim for relief against any of the named Defendants. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988);  *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

As an initial matter, though Clark names Aerni, Shada, Lomack, and Nolte as Defendants in this matter, he makes no allegations against any of them in the body of his Complaint. He does not allege any facts suggesting that any of them had any personal involvement whatsoever in any of the alleged wrongful conduct referenced in the Complaint. As a result, Clark has failed to state a claim upon which relief can be granted against any of these Defendants. *See Krych v. Hvass*, 83 Fed.Appx. 854, 855 (8th Cir. 2003) (holding court properly dismissed claims against defendants where pro se complaint was silent as to the defendants except for their names appearing in the caption).

Additionally, Clark alleges no facts to suggest that either Aerni or Lomack are persons acting under the color of state law as required for a § 1983 claim. Lomack is alleged to be Clark's uncle and, thus, merely a private individual. Aerni is the attorney representing Clark in the Criminal Case, but Aerni's conduct as an attorney, simply by virtue of being an officer of the court, does not constitute action under color of law. *See DuBose v. Kelly*, 187 F.3d 999, 1003 (8th Cir. 1999); *cf. Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). While a § 1983 claim may be brought against an attorney, or any other private individual, if he or she conspires with a state actor to deprive an individual of a federally-protected right, *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988), the Complaint's allegations in no way suggest a plausible conspiracy claim between Aerni or Lomack and a state actor.

With respect to Shada, to the extent Clark is attempting to assert claims against her related to the Criminal Case, Shada would enjoy absolute immunity from such claims. *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Prosecutors are entitled to absolute immunity from civil liability under § 1983 when they are engaged in prosecutorial functions that are 'intimately associated with the judicial process.'" (quoting *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003))).  Moreover, to the extent Clark seeks any kind of relief with respect to his pending criminal case, the Court would abstain from exercising its jurisdiction over such claims pursuant to the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37 (1971).  "The *Younger* abstention doctrine derives from notions of federalism and comity. *Younger* itself held that, absent extraordinary circumstances, federal courts should not enjoin pending state criminal prosecutions." *Hudson v. Campbell*, 663 F.3d 985, 987 (8th Cir. 2011).  As there are no extraordinary circumstances alleged here, the Court will dismiss any claims for relief related to the pending Criminal Case without prejudice pursuant to *Younger*.

Finally, to the extent Clark's claims relate to the Lancaster County District Court's decision in Case No. CI23-1874 denying Clark's claim to certain real property, the Court is precluded from granting Clark any relief from that decision under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine provides that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction over challenges to state court judgments and state proceedings. *Mosby v. Ligon*, 418 F.3d 927, 931 (8th Cir. 2005). *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923).  Specifically, the doctrine "bars federal courts from hearing cases brought by the losing parties in state court proceedings alleging 'injury caused by

the state-court judgment and seeking review and rejection of that judgment.'" *Mosby*, 418 F.3d at 931 (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005)). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003) (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are "inextricably intertwined" with specific claims already adjudicated in state court'" (citation omitted)).  Put simply, a federal district court does not possess authority in a civil rights case to review or alter a final judgment of a state court judicial proceeding.  *See West v. Crnkovich*, No. 8:12CV273, 2013 WL 2295461, at *3 (D. Neb. May 24, 2013); *see also Keene Corp. v. Cass*, 908 F.2d 293, 297 (8th Cir. 1990) (the *Rooker-Feldman* Doctrine applies to Section 1983 actions as well as claims for injunctive and declaratory relief).

## V.  OTHER PENDING MOTIONS

### A.  Motion to Appoint Counsel and to Review Amendment

When he filed his Complaint, Clark also filed a motion captioned "Motion to Appointed Attorney [and] Motion to Review Amendant [sic]."  Filing No. 3.  The motion is largely incomprehensible and recites many of the same legal terms and statutory citations contained in the Complaint.  The Court construes the motion as one for the appointment of counsel.

"There is no constitutional or statutory right to appointed counsel in civil cases." *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). A district court "may request an attorney to represent" an indigent civil litigant, 28 U.S.C. § 1915(e)(1), but it has a "good deal of discretion" in deciding whether to do so, *Chambers v. Pennycook*, 641 F.3d 898, 909 (8th Cir. 2011). "Relevant criteria for determining whether counsel should be requested include the factual and legal complexity of the case, the plaintiff's ability to investigate the facts and to present the claims, and the presence or absence of conflicting testimony." *Recca v. Omaha Police Dep't*, 859 F. App'x 3, 4 (8th Cir. 2021) (citing *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996)). Upon careful review, the Court finds there is no need for the appointment of counsel at this time as the Court will dismiss this matter without prejudice for failure to state a claim upon which relief may be granted.

**B. Motion to Review Amendment**

Clark filed a "Motion to Review Amendment" on October 16, 2024, in which he asks to add "Enterprise Holding" as a defendant. Filing No. 8. Clark does not allege any facts as to what connection Enterprise Holding bears to the other defendants named in his Complaint, nor does he allege any facts as to what Enterprise Holding did to harm Clark. Rather, he again alleges in conclusory fashion that Enterprise Holding "violat[ed] statute law of theft and trespass to court contemp [sic] 25-2121 in 25-202 they are forever barred 25-218 court order CI23-1874." *Id*. As the Court has determined Clark's Complaint should be dismissed for failure to state a claim for relief, the Court will deny Clark's motion to add Enterprise Holding as a defendant as nothing in the motion suggests Clark has a plausible claim for relief against Enterprise Holding related to the Complaint's subject matter and Defendants.

11

### C. Remaining Motions and Letters

Clark also filed a "Motion to Return Property," Filing No. 9, three letters, Filing No. 11; Filing No. 12; Filing No. 13, and a "Motion to Claim," Filing No. 17, which, like his Complaint, are largely incomprehensible and merely recite some of the same conclusory legal terms and statutory citations. Upon consideration, and in light of the Court's decision to dismiss Clark's Complaint, any relief sought by Clark in his two motions and the letters filed with the Court is denied.

### VI. CONCLUSION

Upon review, the Court finds Clark's Complaint is largely unintelligible, fails to comply with Federal civil rules of pleading, and fails to state a claim for relief against any named defendant. Accordingly, the Court will dismiss this matter without prejudice pursuant to 28 U.S.C. § 1915(e)(2) and without leave to amend as the Court concludes amendment would be futile given Clark's history of filing actions in this Court that fail to comply with Federal pleading rules. *See, e.g.*, *Clark v. Lancaster Ct. of Nebraska*, No. 4:23CV3057, 2023 WL 7041961, at *2 (D. Neb. Oct. 26, 2023) (dismissing case without prejudice after giving Clark an opportunity to amend where amended complaint failed to state a claim and "wholly ignored the Initial Review, providing no additional facts upon which to support his claims"); *Clark v. Wells Fargo Bank*, No. 4:23CV3060, 2023 WL 7041962, at *2 (D. Neb. Oct. 26, 2023) (same).

IT IS THEREFORE ORDERED that:

1.    Clark's Second IFP Motion, Filing No. 10, is granted. The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the

agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

2.    The Clerk of the Court shall serve a copy of this order on the appropriate financial officer for Clark's current institution.

3.    Clark's First IFP Motion, Filing No. 2, is denied as moot and the Clerk of the Court is directed to strike Filing No. 2 from the record as the document is unsigned.

4.    This matter is dismissed without prejudice for failure to state a claim upon which relief may be granted.

5.    A separate judgment will be entered.

6.    Clark's remaining pending motions, Filing No. 3; Filing No. 8; Filing No. 9; Filing No. 17, are denied for the reasons stated in this Memorandum and Order.


Dated this 27th day of November, 2024.


BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge