IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KENNETH W. CLARK,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>F. MATTHEW AERNI, CLARISSA SHADA, TERRY DALE LOMACK, and DAN NOLTE,<br><br>　　　　　　Defendants. | 8:24CV392<br><br>**MEMORANDUM AND ORDER** |

　　　　This matter is before the Court on what the Court has docketed as Plaintiff's Notice of Appeal.  Filing No. 23.  Plaintiff was permitted to proceed in forma pauperis in this action on November 27, 2024, and he may now proceed in forma pauperis on appeal without further authorization.  Fed. R. App. P. 24(a)(3).

　　　　The Prison Litigation Reform Act ("PLRA") requires prisoner plaintiffs to pay the full amount of the Court's $605.00 appellate filing fee by making monthly payments to the Court, even if the prisoner is proceeding in forma pauperis.  28 U.S.C. § 1915(b).  The PLRA "makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal."  *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) (citing *In re Tyler*, 110 F.3d 528, 529–30 (8th Cir. 1997)).  The appellate filing fee is assessed when the district court receives the prisoner's notice of appeal.  *Henderson v. Norris*, 129 F.3d 481, 485 (8th Cir. 1997).

　　　　Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of Plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. Plaintiff's account balance is $0.00, and the Court cannot assess an initial partial filing

fee.  See Filing No. 10.  However, as set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil . . . judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended.  See Jackson, 173 F. Supp. 2d at 957 n. 9.  Instead, "the whole of the . . . filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)."  Henderson v. Norris, 129 F.3d 481, 484 (8th Cir. 1997).  This matter will therefore proceed without payment of the initial partial filing fee as set forth below.

      IT IS THEREFORE ORDERED that:

      1.    Plaintiff may proceed on appeal in forma pauperis.  The filing fee shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2).  Until the full filing fee of $605.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the Court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

      2.    The Clerk of the Court shall serve a copy of this order on the appropriate financial officer for Plaintiff's current institution.

      Dated this 17th day of December, 2024.

      BY THE COURT:

      *Joseph F. Bataillon*
      Joseph F. Bataillon
      Senior United States District Judge